IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**FILED**

APR 0 1 2019

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
DEPUTY CLERK

| | | |
|---|---|---|
| DAVID GOAD, | § | |
| Plaintiff | § | |
| | § | |
| v. | § | CIVIL ACTION NO. |
| | § | |
| GARY L. STEEL, JUDGE; | § | **SA19CA0329** FB |
| DIBRELL W. WALDRIP, JUDGE; | § | |
| HEATHER KELLER, CLERK; | § | |
| MEAGAN DOW, COORDINATOR; | § | |
| NOVIA SALAS, COORDINATOR; | § | VERIFIED |
| SAVANNAH MAURER, COORDINATOR; | § | ORIGINAL COMPLAINT FOR |
| DOES 1 thru 10 Inclusive; | § | VIOLATION OF CIVIL RIGHTS |
| DEUTSCHE BANK NATIONAL TRUST | § | 42 U.S.C. §1983, §1985, WIRE AND |
| COMPANY, AS TRUSTEE FOR | § | MAIL FRAUD, OBSTRUCTION OF |
| SECURITIZED ASSET BACKED | § | JUSTICE, DISCRIMINATION BASED ON |
| RECEIVABLES LLC TRUST 2007-BR4, | § | DISABILITY, BREACH OF CONTRACT, |
| MORTGAGE PASS-THROUGH | § | INJUNCTIVE RELIEF AND |
| CERTIFICATES, SERIES 2007-BR4; | § | DECLARATORY RELIEF. |
| TARA DANIEL; | § | |
| LORI LIANE LONG, Esq.; | § | |
| BRANDON B. WOLF, Esq, | § | JURY TRIAL REQUESTED |
| Defendant(s). | § | |

## I. INTRODUCTION

1. Plaintiff, David Goad *in propria persona,* brings this suit for the deprivation of rights, privileges, and immunities secured by the Constitution and laws of the United States, including, but not limited to, Mail and Wire Fraud, Obstruction of Justice, Discrimination based on Disability, Breach of Contract, and Injunctive Relief.

## II. JURISDICTION

2. This court has jurisdiction over this matter brought under 42 U.S.C. §1983, and §1985 pursuant to 28 U.S.C. §1391, §1343(a)(3).

### III. PARTIES

3. Plaintiff, David Goad, is an individual and his home address is 1154 Rivertree Drive, New Braunfels, Texas 78130.

4. Defendants either reside within the jurisdiction of the Western District of Texas, or their alleged acts fall under the jurisdiction of said district. The full names and addresses of the defendants are attached in **Exhibit A.**

### IV. SUMMARY OF ARGUMENT

5. The named defendants, all educated by practice and education in their respective fields in law (clerks and coordinators), surrendered their respective immunities by willfully depriving the plaintiff of his protected due process rights, in a legal proceeding while violating clearly establish federal law. Plaintiff seeks no monetary relief from Gary L. Steel (Judge Steel), a Texas District Judge. The remaining defendants are a note holder (a ghost LLC), attorneys, and a paralegal specializing in the field of foreclosure, who conspired with state officials under the color of law to deprive plaintiff of his protected constitutional rights.

### V. LEGAL FRAMEWORK AND STATEMENTS OF FACT

**A. Violations of U.S. Constitution, 14th Amendment, Under Title 42 of the United States Code, §1983, and §1985.**

7. "Among the civil rights intended to be protected from discriminatory state action by the Fourteenth Amendment are the rights of due process.

8. Due Process is that which comports with the deepest notions of what is fair and right and just in law.[1]  Due process is violated if a practice or rule "offends some principle of justice so

---

1    U.S. Supreme Court Center, *see* http://supreme.justia.com/constitution/amendment-05/16-due-process.html

rooted in the traditions and conscience of our people as to be ranked as fundamental."[2]  Proce-dural due process requires the government to adhere to its own rules[3] and recognize that the con-stitutional right to be heard is a basic aspect of the duty of government to follow a fair process of decision-making when it acts to deprive a person of his possessions.[4]

9. By their acts: 1. By the issuance of a Foreclosure Order and thereafter the posting of a Notice of Foreclose in participation with state officials, defendants have denied plaintiff's basic civil rights. 2. Plaintiff motioned the court to appear telephonically due to his disability. He can-not drive and spends most of his time bedridden. The denial to even set or hear the motion ex-cluded him from participation in or denied the benefits of the services, programs, or activities of a public entity. 3. Plaintiff was refused a setting date and thus a hearing on ALL motions he placed before the court. 4. Defendants acted in concert to Obstruct Justice in these aforemen-tioned proceedings which led to the issuance of a foreclose order without due process.  Among the civil rights intended to be protected from discriminatory state action by the Fourteenth Amendment are the rights to acquire, enjoy, own and dispose of property. Equality in the enjoy-ment of property rights was regarded by the framers of the Fourteenth Amendment as an essen-tial precondition to the realization of other basic civil rights and liberties which the Amendment was intended to guarantee."[5]  Rights in property have long been considered basic civil rights which cannot be taken away without just cause and due process.

10. A cause of action for a violation of the 14th Amendment can come under Title 42 of the U.S. Code, which reads in part:

---

2    *Snyder v. Massachusetts*, 291 U.S. 97, 105 (1934).

3    United States *ex rel. Accardi v. Shaughnessy*, 347 U.S. 260, 268, 74 S.Ct. 499, 503, 98 L.Ed. 681 (1954).

4    *Fuentes v. Shevin*, 407 U.S. 67, 80, 92 S.Ct. 1983, 1994, 32 L.Ed.2d 556 (1972).

5    *Conroy v. Manos*, 679 S.W.2d 124 (Tex.App.-5[th] Dist., 1984).

### Sec. 1983. Civil action for deprivation of rights

"Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress…"[6]

### Sec. 1985. Conspiracy to Interfere with Civil Rights

"If two or more persons in any State or Territory conspire or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws… or to injure any citizen in person or property on account of such support or advocacy; in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators."[7]

11. Property rights are protected under this statute,[8] and suit may be brought if a private person engages with state officials in *prohibited* conduct.[9] Private persons, jointly engaged with state officials in prohibited action, are acting "under color" of law for purposes of 42 U.S.C.A. §

---

6   42 U.S.C.A. § 1983 (West 1981).

7   42 U.S.C.A. § 1985 (West 1981).

8   *Lynch v. Household Finance Corp.*, 405 U.S. 538, 92 S.Ct. 1113, 31 L.Ed.2d 424 (1972); *Hohensee v. Grier*, 373 F.-Supp. 1358 (M.D.Penn.1974), *aff'd*, 524 F.2d 1403 (3rd Cir.1975), *cert. denied*, 429 U.S. 874, 97 S.Ct. 196, 50 L.Ed.2d 158 (1976).

9   *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982); *Adickes v. S.H. Kress and Co.*, 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970).

1983.[10]  To act "under color" of law does not require that the accused be an officer of the state - it is enough that he is a willful participant in joint activity with the state or its agents.[11]  A private party's joint participation with state officials in the seizure of disputed property is sufficient to characterize that party as a "state actor" for purposes of the Fourteenth Amendment.[12]

12.  State judges and state courts are repositories of state power, and state court action may in some cases amount to a deprivation by a state of rights guaranteed by Fourteenth Amendment to the federal constitution.[13]  Congress enacted § 1983 to provide an independent avenue for protection of federal constitutional rights.[14]  The remedy was considered necessary because state courts were being used to harass and injure individuals, either because the state courts were powerless to stop deprivations or were in league with those who were bent upon abrogation of federally protected rights.[15]

## VI. MISCELLANEOUS NOTES

13. Defendant, Deutsche Bank National Trust Company, as Trustee foe Securitized Asset Backed Receivables LLC Trust 2007-BR4, Mortgage Pass-Through Certificates, Series 2007-BR4 is hereinafter refered to as: **"Deutsche"**

14. Ghost LLC is used because it is unkown were the Deutsche LLC is located.

15. Respondent and Plaintiff are synonyms.

---

10  *Conroy v. Manos*, fn. 1.

11  *Adickes v. S.H. Kress and Co.*, 398 U.S. 144, 152, 90 S.Ct. 1598, 1605, 26 L.Ed.2d 142 (1970).

12  *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 941, 102 S.Ct. 2744, 2755, 73 L.Ed.2d 482 (1982).

13  *Gay v. Heller*, 252 F.2d 313 (C.A.5.Fla., 1958).

14  *Conroy v. Manos*, fn. 1.

15  *Pulliam v. Allen*, 466 U.S. 522, 104 S.Ct. 1970, 1980, 80 L.Ed.2d 565 (1984).

16. All exhibits are true copies of the original except for highlighting and underlining. Each bold print exhibit is attached and incorporated herein by reference.

17. Texas Rules of Civil Procedure are shortened to TRCP.

## VII. CAUSES OF ACTION

18. Defendant, Gary L. Steel, Judge 274th Judicial District (Judge Steel) Judge Steel is named in his official capacity. Plaintiff alleges: 1. Judge Steel conspired with court staff to deprive plaintiff of his due process rights in case C2018-1485C, committed fraud upon the court, and obstructed justice. 2. Judge Steel directed or encouraged staff to block settings for the motions respondent filed, **Exhibit B**. of which all were denied. 3. Judge Steel directed or encouraged staff not to allow the plaintiff, a disabled man in his 60s, to appear telephonically at hearings, **Exhibit B5**. 4. Judge Steel directed or encouraged staff to submit forged (backdated) documents into the official court record, **Exhibit F**. Judge Steel directed or encouraged staff not to provide plaintiff with any correspondences whatsoever from the court. 5. Judge Steel ignored a motion to disqualify/recuse himself for greater than 120 days and when threatened by writ of mandamus, Judge Steel passed an order to Judge Waldrip to have plaintiff's home foreclosed upon without a mandatory hearing and with a total disregard for all of plaintiff's motions found in **Exhibit B**.

19. Defendant, Dibrell W. "Dib" Waldrip, Judge 433rd Judicial District (Judge Waldrip). Judge Waldrip is named individually as his actions were in clear absence of all jurisdiction in case C2018-1485C. He committed fraud upon the court, obstructed justice and violated clearly established federal law. Plaintiff alleges:1. Judge Waldrip conspired with Judge Steel to deprive plaintiff of his due process rights and ordered plaintiff's home to be foreclosed upon. 2. Judge

Waldrip conspired with court staff to forge (backdate) official court records, **Exhibit E** (foreclo-
sure order). 3. Judge Waldrip directed or encouraged staff not to provide plaintiff with a copy of
**Exhibit E.** 4. Judge Waldrip directed or encouraged staff not to allow plaintiff, a disabled man in
his 60s, to appear telephonically, **Exhibit B5,** address a motion for change of venue and numer-
ous other motions before the court.

20. Heather Keller, Comal County District Clerk (Clerk Keller). Clerk Keller is named in
her individual capacity. Plaintiff alleges: 1. Clerk Keller conspired with judges and court staff to
deprive plaintiff of his due process rights while violating violated clearly established federal law,
committed fraud upon the court, and obstructed justice. 2. Clerk Keller personally altered or
caused to be altered the date in which **Exhibit D** was filed. 3. Clerk Keller delayed forwarding
disqualification/recusal to Judge Stubblefield for longer than 120 days. 4. Clerk Keller disre-
garded 13 motions/issues electronically filed by plaintiff. 5. Clerk Keller failed to provide plain-
tiff with access to the court.

21.Savannah Maurer, Court Coordinator (Coordinator Maurer) is named in her individual
capacity. Plaintiff alleges: 1. Coordinator Maurer conspired with judges and court staff to de-
prive plaintiff of his due process rights, violated clearly established federal law, committed fraud
upon the court, and obstructed justice. 2. Coordinator Maurer refused to set hearings for plaintiff
's motions. 3. Coordinator Maurer stated it was not "policy" to allow the disabled plaintiff to ap-
pear telephonically. No policy precluding telephonic access was found on the courts website or
within its rules.

22. Meagan Dow, Court Coordinator (Coordinator Dow) is named in her individual ca-
pacity. Plaintiff alleges: 1. Coordinator Dow conspired with judges and court staff to deprive
plaintiff of his due process rights, violated clearly established federal law, committed fraud upon

the court, and obstructed justice. Coordinator Dow failed to set hearings for plaintiff's motions, **Exhibit B.**

23. Novia Salas, Court Coordinator (Coordinator Salas) is named in her individual capacity. Plaintiff alleges: 1. Coordinator Salas conspired with judges and court staff to deprive plaintiff of his due process rights, violated clearly established federal law, committed fraud upon the court, obstructed justice, and committed wire fraud. 2. Coordinator Salas, on February 8, 2019, forged (backdated) an official court record, **Exhibit E** (foreclosure order), which was actually signed and filed on the 13th of February 2019. One day after threat of Mandamus.

24. Does 1 thru 10 Inclusive. Their true names are unknown at this time and are named in their individual capacities. Plaintiff alleges: Doe(s) conspired with judges and court staff to deprive plaintiff of his due process rights and violated clearly established federal law, committed fraud upon the court, obstructed justice and committed wire fraud. 1. Doe(s) forged (backdated) official court records. 2. Doe(s) refused to provide settings for plaintiffs motions. 3. Doe(s) refused to provide reasonable access to the court for a disabled person. 4. Doe(s) altered recording dates found in the computer system(s), which reflect the date an official document is filed.

25. Deutsche Bank National Trust Company, as Trustee for Securitized Asset Backed Receivables LLC Trust 2007-BR4, Mortgage Pass-Through Certificates, Series 2007-BR4 (Deutsche) is a ghost LLC, not licensed to conduct business in Texas. The term *ghost* is used because plaintiff has for at least five years been denied information wherein this LLC is legally registered (its home state). This denial disturbs TRCP 736.8(c). Any challenge to a Rule 736 order must be made in a suit filed in a separate, independent, original proceeding in a court of competent jurisdiction. By not filling with the Texas Secretary of State, **Exhibit H** (certified copy from secretary that defendant is not registered), defendant has limited plaintiff's venue and legal op-

tions, therefore, denying plaintiff his full due process rights. With this suit, plaintiff is serving the Texas Secretary of State in accordance with Section 9.251 of the Business Organizations Code. Therefore, plaintiff only alleges causes of action surrounding the foreclosure process (proceeding) and reserves the right to file a separate suit for all causes of action he is entitled to from wrongs that occurred prior to the foreclosure proceeding in question, once he learns the legal home of said LLC.

26. Moreover, plaintiff does not wish nor intends to invoke the ***Rooker–Feldman*** doctrine, and therefore curtails his causes of action(s) to only those issues surrounding the foreclosure proceedings after the suit was filed in state court.

27. Therefore, Plaintiff alleges: 1. Deutsche conspired with or acted under the color of authority to deprive plaintiff of his due process rights. 2. Deutsche conspired to breach the loan agreement between plaintiff and Deutsche, which reads in part that lender shall observe "This security agreement shall be governed by federal law and the laws of Texas. 3. Deutsche committed wire and or mail fraud by endorsing and causing to be recorded a Notice of Foreclosure Sale, **Exhibit G** (a picture sent to plaintiff by the gentleman who left **Exhibit I** at the subject property as no copy was ever provided) . Deutsche had fully understood that said order was not issued in accordance with the laws of Texas and plaintiff had many motions (**Exhibit B**) before the court that required the courts action prior to the foreclosure order issuance, including the mandatory 736.6 hearing. 4. Deutsche breached the loan agreement a second time by not providing plaintiff with a copy of the Notice of Foreclosure Sale upon recording it.

28. Tara Daniel is a private citizen employed to represent the defendant Deutsche. Plaintiff alleges: 1. Tara Daniel conspired with or acted under the color of authority to deprive plaintiff of his due process rights. 2. Tara Daniel conspired to breach the loan agreement between

plaintiff and Deutsche, which reads in part that lender shall observe "This security agreement shall be governed by federal law and the laws of Texas." Tara Daniel was itimatley aware that many unheard motions were before the court and that no 736.6 hearing occured, which she claimed, she and court staff set.

29. Lori Liane Long, Esq. (Lori Long), is a private citizen employed to represent the defendant Deutsche. Plaintiff alleges: 1. Lori Long conspired with or acted under the color of authority to deprive plaintiff of his due process rights. 2. Lori Long conspired to breach the loan agreement between plaintiff and Deutsche, which reads in part that lender shall observe "This security agreement shall be governed  by federal law and the laws of Texas." 3. Lori Long committed wire and or mail fraud by endorsing and causing to be recorded a Notice of Foreclosure Sale, **Exhibit G.** Lori Long fully understood that said order was not issued in accordance with the laws of Texas and that plaintiff had many motions before the court (**Exhibit B**) that required action from the court before the issuance of the foreclosure order.

30. Brandon B. Wolf, Esq. (Brandon Wolf), is a private citizen employed to represent the defendant Deutsche. Plaintiff alleges: 1. Brandon Wolf became aware of plaintiff's allegations in this complaint after the recording of the Notice of Foreclosure Sale, **Exhibit G.** He chose not to correct the situation. Therefore, he acted in furtherance of the allegations regarding Deutsche, Tara Daniel Lori Long, and all others.; 2. He conspired to deprive plaintiff of his due process rights. 3. He conspired to breach the loan agreement between plaintiff and Deutsche, which reads in part that the lender shall observe "This security agreement shall be governed by federal law and the laws of Texas." Brandon Wolf knew of the motions pilled-up at the courthouse and that no manditory 736.6 hearing was held.

## VIII. AUTHORITIES

### ORDER TO FORECLOSE WAS VOID

31. All action after the three day rule was void. *See* Barnhill v. Agnew, Barnhill v. Agnew, No. 12-12-00080-CV, 2013 Tex. App. Lexus 12820, at *3 2013 WL 5657644, at *2 (Tex. App.-Tyler [12ᵗʰ Dist.] Oct 16, 2013) (When a party files a motion to recuse a trial judge, the responding judge, regardless of whether the motion complies with the requisites of [Rule] 18a, must *within three business days after the motion is filed* (1) sign and file with the clerk an order of recusal or (2) sign and file with the clerk referring the motion to the regional presiding judge...Failure to comply with the rules renders void any actions taken subsequent to the violation...In the case at hand, the trial judge did not refer the motion to the regional presiding judge or recuse himself, but rather, denied Barnhill's motion to recuse because it was not timely filed under [Rule] 18a. However, Rule 18a(f) specifically states that a trial judge must adhere to its mandates regardless of whether the motion complies with the requisites of Rule 18a") citing Tex. R. Civ. P. 18a(f)(1). Recusal and Disqualification of Judges, Richard Flamm §33.7.

32. Judge Steel and Clerk Keller did not abide by the rule, they waited more than 120 days hoping plaintiff would not take the next step. Then, when the water got hot they tossed the order to Judge Waldrip. The three day rule had already been broken the order is void. *See* SPRADLIN v. JIM WALTER HOMES, INC., 34 S.W. 3d 578, 580 (Tex. 2000) ("Presuming that the language of the Texas Constitution is carefully selected, we construe its words as they are generally understood. City of Beaumont v. Bouillion, 896 S.W.2d 143, 148 (Tex 1995). We rely heavily on the plain language of the Constitution's literal text. Republican Party v. Dietz, 940 S.W.2d 86, 89 (Tex 1997); Edgewood Indep. Sch Dist. v. Kirby, 777 S.W.2d 391, 394 (Tex 1989). Consistent with these fundamental principles, we "give effect to all the words of a statute

and [do] not treat any statutory language as surplusage[,] if possible." Chevron Corp v. Redmon,

745 S.W.2d 314, 316 (Tex 1987). We avoid constructions that would render any constitutional

provisions meaningless or nugatory. Hanson v. Jordan, 145 Tex. 320, 198 S.W. 262, 263

(1946).")

## IMMUNITIES ARGUMENT

33. Judges who are sued under §1983 are absolutely immune from individual liability for

monetary relief for their "judicial acts" so long as they do not act in the "clear absence of all ju-

risdiction Stump v. Sparkman, 435 U.S. 349, 356-57 (1978); Pierson v. Ray, 386 U.S. 547

(1967).

34. Judge Waldrip lacked all jurisdiction while directing court staff to file a forged (back-

dated) order that clearly violated the due process right of plaintiff to a TRCP 736.6 hearing. This

action would allow any judge to enter into a file-room and pick any case he so chooses and draft

an order. When a state adopts a rule such as in this case TRCP 736.8 with ¶ 7 **Exhibit E** "This

Order is not subject to a motion for rehearing, a new trial, a bill of review, or any appeal. Any

challenge to this order must be made separate, original proceeding filed in accordance with

TRCP 736.11. The protected due process rights are in peril.

35. We must place into question the constitutional character of this statute and correct it.

If there is not a breach of contract of other stated ground to file a suit in another court we're

doomed by a hearing without the protection ALL immunity cases refer to, and that is "there is al-

ways another path to correct the judges wrong doing, error, or even unlawful activity".

36. The purpose of judicial immunity is not to protect the unscrupulous judge, but to pro-

mote uninhibited judicial decision making Stump v. Sparkman, 435 U.S. 349 (1978); Bradley v.

Fisher, 80 U.S. (13 Wall.) 335,348 (1872).

37. The U.S. Supreme Court stated that if a court is "without authority, its judgments and orders are regarded as nullities. They are not voidable, but simply void; and form no bar to a recovery sought, even prior to a reversal in opposition to them. They constitute no justification; and all persons concerned in executing such judgments or sentences, are considered, in law, as trespassers." Elliot v. Piersol, 1 Pet. 328, 340, 26 U.S. 328, 340 (1828) Elliot v. Piersol. "Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction.[29] Mireles v. Waco 502 US 9, 116 L Ed 2d 9, 14, 112 S Ct 286 (US 1991)

## QUALIFIED IMMUNITY

38. Qualified immunity provides protection only for conduct that does not violate clearly established federal law, *See, e.g.,* Hope v. Pelzer, 536 U.S. 730 (2002); Saucier v. Katz, 533 U.S. 194 (2001); Anderson v. Creighton, 483 U.S. 635 (1987); Harlow v. Fitzgerald, 457 U.S. 800 (1982).

39. The Supreme Court regards qualified immunity as the norm because "[a]s the qualified immunity defense has evolved, it provides ample protection to all but the plainly incompetent or those who knowingly violate the law, Malley v. Briggs, 475 U.S. 335, 341 (1986) *Accord* Burns v. Reed 500 U.S. 478, 494-95 (1991); Anderson v. Creighton, 483 U.S. 635 (1987). Martin A. Schwartz, Section 1983 Litigation, Fourth Edition 9.02[B].

40. The Supreme Court in *Dennis v. Sparks* 449 U.S. 24 (1980) held that a §1983 defendant who conspired with an official who is protected by absolute immunity, such as a judge, does not share that immunity. The Court in *Dennis* relied upon the principal that §1983 immunities are functional , not derivative, and each official claiming an immunity must demonstrate his or her own entitlement to it *Id* at 29. Martin A. Schwartz, Section 1983 Litigation, Fourth Edition 9.02[D].

## FRAUD UPON THE COURT

41. Whenever any officer of the court commits fraud during a proceeding in the court, he/she is engaged in "fraud upon the court". In Bulloch v. United States, 763 F.2d 1115, 1121 (10th Cir. 1985), the court stated "Fraud upon the court is fraud which is directed to the judicial machinery itself and is not fraud between the parties or fraudulent documents, false statements or perjury. ... It is where the court or a member is corrupted or influenced or influence is attempted or where the judge has not performed his judicial function --- thus where the impartial functions of the court have been directly corrupted."

42. "Fraud upon the court" has been defined by the 7th Circuit Court of Appeals to "embrace that species of fraud which does, or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery can not perform in the usual manner its impartial task of adjudging cases that are presented for adjudication. " Kenner v. C.I.R., 387 F.3d 689 (1968); 7 Moore's Federal Practice, 2d ed., p. 512, ¶ 60.23. The 7th Circuit further stated "a decision produced by fraud upon the court is not in essence a decision at all, and never becomes final.

## DISABILITY DISCRIMINATION

43. 28 CFR § 35.130 (a) No qualified individual with a disability shall, on the basis of disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any public entity. (7) **(i)** A public entity shall make reasonable modifications in policies, practices, or procedures when the modifications are necessary to avoid discrimination on the basis of disability, unless the public entity can demonstrate that making the modifications would fundamentally alter the nature of the service, program, or activity.

WIRE FRAUD

44. The elements of wire fraud under 941. 18 U.S.C. §1343 directly parallel those of the mail fraud statute, but require the use of an interstate telephone call or electronic communication made in furtherance of the scheme. *United States v. Briscoe*, 65 F.3d 576, 583 (7th Cir. 1995) (*citing United States v. Ames Sintering Co.*, 927 F.2d 232, 234 (6th Cir. 1990) (per curiam)); *United States v. Frey*, 42 F.3d 795, 797 (3d Cir. 1994) (wire fraud is identical to mail fraud statute except that it speaks of communications transmitted by wire); *see also, e.g., United States v. Profit*, 49 F.3d 404, 406 n. 1 (8th Cir.) (the four essential elements of the crime of wire fraud are: (1) that the defendant voluntarily and intentionally devised or participated in a scheme to defraud another out of money; (2) that the defendant did so with the intent to defraud; (3) that it was reasonably foreseeable that interstate wire communications would be used; and (4) that interstate wire communications were in fact used) (*citing* Manual of Model Criminal Jury Instructions for the District Courts of the Eighth Circuit 6.18.1341 (West 1994)), *cert. denied*, 115 S.Ct. 2289 (1995); *United States v. Hanson*, 41 F.3d 580, 583 (10th Cir. 1994) (two elements comprise the crime of wire fraud: (1) a scheme or artifice to defraud; and (2) use of interstate wire communication to facilitate that scheme); *United States v. Faulkner*, 17 F.3d 745, 771 (5th Cir. 1994) (essential elements of wire fraud are: (1) a scheme to defraud and (2) the use of, or causing the use of, interstate wire communications to execute the scheme), *cert. denied*, 115 S.Ct. 193 (1995); *United States v. Cassiere*, 4 F.3d 1006 (1st Cir. 1993) (to prove wire fraud government must show (1) scheme to defraud by means of false pretenses, (2) defendant's knowing and willful participation in scheme with intent to defraud, and (3) use of interstate wire communications in furtherance of scheme); *United States v. Maxwell*, 920 F.2d 1028, 1035 (D.C. Cir. 1990 ("Wire fraud requires proof of (1) a scheme to defraud; and (2) the use of an interstate wire com-

munication to further the scheme.").

## IX. INJURY

45. Plaintiff has suffered severe emotion distress. Unable to sleep, loss of weight, anxiety requiring the doubling to tripling medication to decrease blood pressure. Shortness of breath and increased bouts of aterial fibrillation.

## IIX. DAMAGES

46. **Not one red-cent in damages will go into the pocket of the Plaintiff**, but rather will be donated to a 501(c)(3) nonprofit foundation. A foundation that enhances access to justice for those most likely to be abused by it.

47. Deutsche Bank is associated with the lien holder. Given the fact that Deutsche Bank paid our government over 7 billion in fines for what amounted to mortgage fraud and they are at it again, maybe a jury will agree to 10 million (this could help a lot of Americans) in punitive damages! Clearly, Deutsche acted with malicious or evil intent or in a callous disregard of plaintiff's federally protected rights.  General damages should also be included.

48. Since, there are 10 additional defendants (gestimating 2 Does), one million each is reasonable given their atrocities are similar to Deutsche's.

49. Total **20 million in general and punitive damages**. Given Texas has  pro-business judiciary system, the likelyhood of this case ever reaching a jury is conservatively 100000 to 1. This case exemplifies these facts based upon the conduct of the named defendants in this case.

## IIIX. REQUESTS

**50**. Plaintiff requests the Court find the underlying court proceedings were unlawful and a process that violated the federailly protected rights plaintiff and all Americans should be protected by and not from

51. In the event that one or more defendent's are found to be immune from this case that the others remain intact wherein this case can proceed.

52. That the court be mindful of plaintiff's disabilities when tasks that could be slowed or restricked as a result of those disabilities.

53. Reasonable *pro se* fees in lieu of attorney fees, and expenses.

54. The Court provide all relief in law or equity.

55. The court act *sua sponte* in the interest of justice.

56. DECLARATORY RELIEF. Plaintiff seeks declaratory judgement under FRCP 57, 28 U.S.C. §2201. Plaintiff asks the court to define the exsiting rights, obligations, status or legal relationship the parties have in this case surrounding TRCP 18a and how it influences or controls the validity of claims made by the plaintiff and the affects on the order issued to forclose on plaintiff's home. There is a reasonable expectation that injury will continue or will be repeated in the future. Declaratory relief is unavailable in the state court issue.

57. Injuntive relief is requested seperatly to insure an order for forclouse se t for tommorrow is stopped. Althought the filing of this case should end that process, it is likely the defendant's will igore the Texas statutes. See TRCP.

Respectfully submitted,

*[signature]* 4/1/19

David Goad, plaintiff *pro se*
1154 Rivertree Drive
New Braunfels, Texas 78130
512-730-0763
1983tj@protonmail.com

# **VERIFICATION**

I, David Goad, if request to do so, could and would competently testify under oath, based upon my personal knowledge and belief, to the matters stated herein:

I am over 18 years of age and the Plaintiff in this case. My home is located at 1154 Rivertree Drive, New Braunfels, Texas.

All Exhibits are true copies of the original, except for the enhancement (underline).

The facts stated in plaintiff's Verified Complaint Original Complaint for Violation of Civil Rights 42 U.S.C. §1983, §1985, Wire and Mail Fraud, Obstruction of Justice, Discrimination Based on Disability, Breach of Contract, Injunctive Relief and Declaratory Relief are **true** and **correct**.

I freely swear under the penalty of perjury under the laws of the United States of America that my above statements are true and correct to the best of my knowledge.

4/1/19
Date

David Goad

## Certificate of Contact

Plaintiff certified on this day, April 1, 2019 that he personally contacted the defendants, or left a

message at the last known contact, that the plaintiff is seeking a prohibitory injunction. For Deutsche

the plaintiff is contacting the defendants last known attorneys.

Respectfully submitted,

David Goad, plaintiff *pro se*
1154 Rivertree Drive
New Braunfels, Texas 78130
512-730-0763
1983tj@proton mail.com

EXHIBIT A

Gary L. Steel, Judge 274th Judicial District
150 N. Seguin, Ste., 317
New Braunfels, Texas 78130
830-221-1270
dcasmt@co.comal.tx.us

*Comal Co*

Dibrell W. "Dib" Waldrip, Judge 433rd Judicial District
150 N. Seguin, Ste., 317
New Braunfels, Texas 78130
830-221-1270
dcasmt@co.comal.tx.us

*Comal Co*

Heather Keller, Comal County District Clerk
150 N. Seguin, Ste., 304
New Braunfels, Texas 78130
830-221-1250
kellah@co.comal.tx.us

*Comal Co*

Savannah Maurer, Court Coordinator
550 Landa Street
New Braunfels, TX 78130
(830) 221-4281

*Comal Co*

Meagan Dow, Court Coordinator
 150 N. Seguin, Ste., 304
New Braunfels, Texas 78130
830-221-1250
kellah@co.comal.tx.us

*Comal Co*

Novia Salas, Court Coordinator
150 N. Seguin, Ste., 304
New Braunfels, Texas 78130
830-221-1250
kellah@co.comal.tx.us

*Comal Co*

Doe 1 thru 10 Inclusive

Tara Daniel
Mackie Wolf Zientz & Mann, P.C.
14160 N. Dallas Parkway, Ste., 900
Dallas, Texas 75254
469-375-3715
tdaniel@mwzmlaw.com

*Dallas, but involved in Comal Case*

Lori Liane Long, Esq.
Mackie Wolf Zientz & Mann, P.C.
14160 N. Dallas Parkway, Ste., 900
Dallas, Texas 75254
214-635-2650
llong@mwzmlaw.com

Brandon B. Wolf, Esq.
Mackie Wolf Zientz & Mann, P.C.
14160 N. Dallas Parkway, Ste., 900
Dallas, Texas 75254
214-635-2652
bwolf@mwzmlaw.com

DEUTSCHE BANK NATIONAL TRUST
COMPANY, AS TRUSTEE FOR
SECURITIZED ASSET BACKED
RECEIVABLES LLC TRUST 2007-BR4,
MORTGAGE PASS-THROUGH
CERTIFICATES, SERIES 2007-BR4
Service of Process
Secretary of State
James E. Rudder Building
1019 Brazos, Room 105
Austin, Texas 78701

*[handwritten annotations: "Dallas, but worked in Comal Co.", "Dallas, but involved in Comal Co", "Unknown Secretary of State and last attorney who represents"]*